**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY JAMES LOGAN** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **EDWARD J. KLEM, Superintendent,** | : | |
| **PENNSYLVANIA BOARD OF PROBATION** | : | |
| **and PAROLE, PENNSYLVANIA** | : | |
| **ATTORNEY GENERAL, THE DISTRICT** | : | **NO.  05-790** |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA, and THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA** | : | |

**ORDER AND MEMORANDUM**

**O R D E R**

   **AND NOW**, this 13th day of October, 2006, upon consideration of the pro se Petition for

Writ of Habeas Corpus filed by petitioner, Jerry James Logan, pursuant to 28 U.S.C. § 2254

(Document No. 1, filed February 18, 2005), Petitioner's Supplemental Memorandum, which the

Court will treat as an "Amended Petition" (Document No. 4, filed March 18, 2005), Petitioner's

Motion for Order Compelling Production of Documents (Document No. 20, filed September 19,

2005), petitioner's Request for Production of Documents (Document No. 16, filed June 16,

2006), and the record in this case, and after review of the Report and Recommendation of United

States Magistrate Judge David R. Strawbridge (Document No. 23, filed October 31, 2005), and

Petitioner's general Objection to Report and Recommendation (Document No. 26, filed

December 2, 2005),[1] **IT IS ORDERED** as follows:

   1.      The Report and Recommendation of United States Magistrate Judge David R.

   _____

   [1]Pro se petitioner filed a general Objection to the Report and Recommendation on
December 2, 2005.  In that document, he requested an extension of time to file specific
objections.  The Court granted petitioner's request and extended the time for filing specific
objections to January 17, 2006.  Petitioner filed no such specific objections.

Strawbridge dated October 31, 2005, is **APPROVED** and **ADOPTED**, subject to the clarification set forth in the attached Memorandum;

2.  Petitioner's general Objection to the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated October 31, 2005, is **OVERRULED**;

3.  The Petition for Writ of Habeas Corpus filed by petitioner, Jerry James Logan, pursuant to 28 U.S.C. § 2254 and Supplemental Memorandum, which the Court will treat as an "Amended Petition" (Document No. 4) are **DENIED**;

4.  Petitioner's Request for Production of Documents (Document No. 16) and Petitioner's Motion for Order Compelling Production of Documents (Document No. 20) are **DENIED AS MOOT**; and,

5.  A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253 (c)(2).

## MEMORANDUM

Petitioner Jerry James Logan has filed a pro se petition for a writ of habeas corpus.  The Report and Recommendation issued by Magistrate Judge Strawbridge recommends that Logan's petition be denied.  The Court agrees, subject to the clarification set forth below.

The relevant facts and procedural history are set forth in detail in the Report and Recommendation.  In this Memorandum the Court will set forth only that factual background and procedural history which is necessary to explain its ruling.

Logan filed the instant habeas corpus petition on February 16, 2005, setting forth four

2

grounds for relief.[2]  Before the respondents filed their response to the petition, Logan amended

the petition to include two additional claims: that his sentence for the 1971 murder expired in

1989, and that the Board had no authority over that sentence because it was vacated in 1975.

Respondents assert that these two claims must be dismissed as second or successive claims since

they were raised by Logan in two prior habeas petitions.  The Court writes to clarify the

discussion in the Report and Recommendation regarding these two claims.  In that discussion,

Magistrate Judge Strawbridge accepted as true petitioner's representation that the two additional

claims raised in the Amended Petition were not presented in his earlier habeas petitions.  He then

went on to state that, because the thrust of petitioner's assertions in both cases - Civil Action No.

98-125 and the instant case - appeared to be that his detention was unlawful because the sentence

on that charge allegedly expired in 1989 and that, given this finding, " . . . it clearly would be

inappropriate for us to entertain this claim again."  R & R at 9-10 n.6.

 The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No.

104-132, 110 Stat. 1214, 28 U.S.C. § 2244, limits a district court's jurisdiction over second or

successive § 2254 petitions.  That section provides that: "Before a second or successive

application permitted by this section is filed in a district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider that

application."  28 U.S.C. § 2244(b)(3)(A).   Also relevant to the Court's analysis and as the Third

Circuit has explained:

> Under §2244(b) as amended, (1) "[a] claim presented in a second or successive
> habeas corpus application under section 2254 that was presented in a prior

---

[2] Because the Court agrees with the Report and Recommendation on these four grounds,
they are not addressed in this Order & Memorandum.

> application shall be dismissed," § 2244(b)(1), and (2) a "second or successive
> habeas corpus application under section 2254" presenting a claim not asserted in a
> prior habeas petition is subject to dismissal by the district court, § 2244(b)(2),
> unless the proposed petition has been submitted to, and found acceptable by, the
> court of appeals, § 2244(b)(3).

<u>Perez Zayas v. INS</u>, 311 F.3d 247, 254 (3d Cir. 2002).  Under <u>Benchoff v. Colleran</u>, 404 F.3d

812, 816 (3d Cir. 2005), to be "found acceptable" by the court of appeals, a claim raised in a

second or successive petition must be one that could not have been raised in an earlier habeas

corpus petition.  A district court lacks the authority to consider the merits of a second or

successive petition unless both the procedural and substantive requirements of § 2244 are met.

<u>Id</u>.

Respondent argues that the two claims included by petitioner in his Amended Petition -

that the sentence for the 1971 murder expired in 1989, and that the Board had no authority over

his sentence because it was vacated in 1975 by the granting of a new trial - must be dismissed as

second or successive claims.  The objection requires the Court to analyze the claims asserted by

petitioner in his two prior habeas petitions - Civil Action No. 96-2377 and Civil Action No. 98-

125.   A review of the petition in Civil Action No. 96-2377, discloses that the two claims raised

in the Amended Petition were not raised in the Petition filed in Civil Action No. 96-2377.  With

respect to the second habeas petition, Civil Action No. 98-125, the issue is more complex.  In

Civil Action No. 98-125, petitioner averred in his habeas petition that his detention was

unconstitutional because he was detained beyond the date of his maximum sentence, an argument

rejected in the Report and Recommendation of Magistrate Judge Thomas J. Rueter and by this

Court.  Thus, it is clear that the thrust of the 1998 petition was that petitioner was incarcerated

beyond the date his maximum sentence would have expired, August 25, 1989.

Petitioner asserts in the Amended Petition that his present confinement is unlawful in violation of the Eighth Amendment because his sentence actually expired in 1989. That claim is identical to the claim asserted in the 1998 petition. Thus, as to that claim, the instant petition is a second or successive petition and must be dismissed under 28 U.S.C. § 2244(b)(1).

The second claim asserted in the Amended Petition is that the sentence defendant is presently serving was vacated in 1975. The Court concludes that claim was not precisely set forth in a prior habeas petition, but nevertheless should be dismissed under 28 U.S.C. § 2244(b)(2) because it could have been raised in the earlier habeas petition. See Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

In conclusion, the Court notes that the question whether the two claims asserted in the Amended Petition were raised in prior petitions does not change the result in this case. That is so because, whether raised previously or not, the claims are second or successive claims and must be dismissed by the District Court or, as to the second claim, transferred to the Court of Appeals under 28 U.S.C. § 1631. Under the circumstances presented, the Court will not transfer the second claim to the Court of Appeals.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**